**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda McBroom,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Johnson & Johnson; and Ethicon, Inc.,<br><br>　　　　　　Defendants. | No. CV-20-02127-PHX DGC<br><br>**ORDER** |

**A.**     ***Daubert*** **Challenges to General Experts.**

The Court has reviewed the parties' joint summary of MDL rulings and reserved issues on general *Daubert* motions. Doc. 72. The Court appreciates the parties' work in compiling this substantial document, but it has convinced the Court that attempting to rule on the many remaining *Daubert* issues on the basis of the scattered, multi-wave MDL briefing would be a truly arduous task. The parties therefore will be required to consolidate the remaining issues into new briefs, with two important decisions in place: (1) The Court will adopt the MDL judge's rulings on all *Daubert* issues. The judge apparently did not expressly apply those rulings to this case, but they were made in the MDL, with respect to these general experts, and the Court will apply all of them. The new briefing will not be an opportunity to revisit those decided issues.[1] (2) The parties will not be permitted to make

---

[1] Plaintiff notes that the parties do not agree on the meaning of all of the MDL judge's rulings. To the extent the parties disagree, they shall raise those issues at the final

arguments or raise issues that were not made and raised in the MDL briefing. As Plaintiff notes, the MDL judge gave the parties a deadline for *Daubert* briefing, and those deadlines have passed. New arguments and issues cannot be raised at this late date.

The parties' joint filing indicates that issues remain with respect to five general defense experts – Ostergard, Rosenzweig, Iakovlev, Guelcher, Pence – and some "recurring issues." Doc. 72 at 23-32. Issues remain with respect to six general plaintiff experts – Flynn, Khandwala, Longacre, MacLean, Stanford, Ulatowski – and some "recurring issues." *Id.* at 32-37.[2]

For each expert, the parties' new briefs shall include: (1) a list of each ruling made by the MDL judge with respect to that expert, and (2) for each unresolved issue raised with respect to the expert in the MDL briefing, a verbatim reproduction of arguments made by the party in MDL briefs or a faithful summary of such arguments, with a footnote at the end of each paragraph to the location in the MDL briefing where the argument can be found. By **February 12, 2021**, Plaintiff shall file a single brief and Defendants shall file a single brief that includes the opening arguments with respect to each of the opposing side's general experts that were challenged in the MDL. By **February 26, 2021**, Plaintiff shall file a single brief and Defendants shall file a single brief that includes the response arguments made in the MDL with respect to experts addressed in the February 12 briefs. By **March 12, 2021**, Plaintiff shall file a single brief and Defendants shall file a single brief that includes the reply arguments made in the MDL with respect to experts addressed in the February 12 and 26 briefs. The parties should indicate whether oral arguments is requested, and with respect to which experts, and the Court will, if warranted, set oral argument after briefing is

---

pretrial conference in this case – not in the form of briefs, but simply by identifying the issues and the MDL judge's ruling for discussion at the conference.

[2] For the parties' information, the Court previously ruled on Rule 702 issues related to Dr. Rosenzweig and the MDL litigation. *See Triant v. Am. Med. Sys. Inc.*, No. CV-12-00450-PHX-DGC, 2020 WL 4333645 (D. Ariz. July 28, 2020); *see also Triant v. Am. Med. Sys. Inc.*, No. CV-12-00450-PHX-DGC, 2020 WL 4049844 (D. Ariz. July 20, 2020).

completed.

### B. Motion to File Supplemental Motion for Summary Judgment.

Defendants seek leave to file a supplemental motion for summary judgment (Doc. 64), but the deadline for filing motions for summary judgment passed months ago. A party seeking leave to file a motion after a Rule 16 deadline has passed must show "good cause" to extend the deadline. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Where the party has not been diligent, the inquiry ends and the motion is denied. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Defendants provide no justification for their failure to assert their new arguments by the MDL court's deadline, and do not otherwise show good cause as defined above. Their motion will therefore be denied.

### C. Trial Date.

The Court's jury trials continue to be postponed due to the Covid pandemic. All jury trials have been postponed through the month of February, and the Court has several jury trials waiting to be heard once health conditions allow. On **March 12, 2021**, the parties shall file a joint memorandum identifying the dates when they are available for trial during the remainder of the year and the Court will endeavor to set the trial in this case on the earliest available date.

**IT IS ORDERED** that Defendants' motion for leave to file a supplemental motion for summary judgment (Doc. 64) is **denied**.

Dated this 15th day of January, 2021.

.

David G. Campbell
Senior United States District Judge