**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda McBroom,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Ethicon, Inc.; and Johnsons & Johnson,<br><br>　　　　Defendants. | No. CV-20-02127-PHX-DGC<br><br>**ORDER** |

On January 15, 2021, the Court denied Defendants' motion for leave to file a supplemental motion for summary judgment. Docs. 64, 76 at 3. Defendants have filed a motion for reconsideration of that ruling. Doc. 84. The Court will deny the motion.[1]

**A.　Reconsideration Standard.**

Motions for reconsideration are disfavored and rarely granted. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *Resolution Tr. Corp. v. Aetna Cas. & Sur. Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994). A motion for reconsideration will be denied absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to the Court's attention earlier with

---

[1] Plaintiff has filed a response to the motion. Doc. 85. Rule 7.2 of the Court's Local Rules of Civil Procedure provides that "[n]o response to a motion for reconsideration . . . may be filed unless ordered by the Court[.]" LRCiv 7.2(g)(2). The Court did not order Plaintiff to file a response. Plaintiff's counsel are advised that they must become familiar with, and follow, the Court's Local Rules. *See Leffers v. Amazon, Inc.*, No. CV-20-00974-PHX-DGC, 2020 WL 8834780, at *1 (D. Ariz. June 10, 2020) (explaining that even pro se litigants must follow the Local Rules) (citations omitted). The Local Rules are available in the Clerk of Court's office and online at http://www. azd.uscourts.gov/local-rules.

1 reasonable diligence. LRCiv 7.2(g)(1); *see United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). The motion may not repeat previously made arguments. *See id.*; *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (reconsideration cannot "be used to ask the Court to rethink what it has already thought through"). Mere disagreement with an order is an insufficient basis for reconsideration. *Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008).

### B. Defendants' Motion for Reconsideration.

Defendants moved for leave to file a supplemental summary judgment motion months after the deadline for filing summary judgment motions had passed. *See* Docs. 64, 76 at 3. The Court denied the motion because Defendants provided no justification for their failure to assert their new summary judgment arguments by the MDL court's deadline, and did not otherwise show "good cause" to extend the deadline. *Id.* (citing Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)).

Defendants cite a recent case from the Western District of Kentucky, *Garvin v. Ethicon, Inc.*, 3:20-cv-00714-BJB-CHL (W.D. Ky. Mar. 9, 2021), for the proposition that "Rule 16(b)'s good cause standard can be satisfied by judicial efficiency[.]" Doc. 84 at 4. But Rule 16(b)'s good cause standard "primarily considers the diligence of the party" seeking to extend the deadline. *Johnson*, 975 F.2d at 609. The Ninth Circuit has made clear that a district court may extend a Rule 16 deadline only where "it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "If that party was not diligent, the inquiry should end." *Id.*; *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (same). Defendants cite no Ninth Circuit authority holding that judicial efficiency satisfies Rule 16(b)'s good cause requirement, and have not otherwise shown "manifest error." *See* LRCiv 7.2(g)(1).

What is more, Defendants are merely restating a previous argument. *See* Doc. 64 at 8-11 (arguing that their motion should be granted because the proposed supplemental

summary judgment motion would promote judicial efficiency).  The Court rejected this argument in denying Defendants' motion.  *See* Doc. 76 at 3.  Defendants "improperly attempt[] to take a 'second bite' at issues already decided against [them]." *Am. States Ins. v. Ins. Co. of Penn.*, 245 F. Supp. 3d 1224, 1226 (E.D. Cal. 2017); *see Clarke v. Upton*, 2012 WL 6691914 at *1 (E.D. Cal. Dec. 21, 2012) ("Reconsideration is 'not to be used to ask the court to rethink what it has already thought through – rightly or wrongly.'") (citation omitted); *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1069-70 (E.D. Cal. 2009) ("Motions to reconsider are . . . not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented.").

**IT IS ORDERED** that Defendants' motion for reconsideration (Doc. 84) is **denied**.

Dated this 15th day of March, 2021.

*David G. Campbell*
David G. Campbell
Senior United States District Judge