**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda McBroom,<br><br>        Plaintiff,<br><br>v.<br><br>Ethicon, Inc.; and Johnson & Johnson,<br><br>        Defendants. | No. CV-20-02127-PHX-DGC<br><br>**ORDER** |

This products liability action involves pelvic mesh devices made by Defendants Ethicon, Inc. and Johnson & Johnson. Plaintiff Amanda McBroom received implants of Defendants' devices and claims they are defective and caused her serious injury. Plaintiff filed suit in 2015 as part of a multidistrict litigation ("MDL") proceeding in West Virginia. Doc. 1; *see In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2327 (S.D. W. Va. 2012). The case was transferred to this Court on November 4, 2020. Docs. 41, 56.

Defendants move for a separate trial on the statute of limitations issue pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. Doc. 91. The motion is fully briefed. Docs. 93, 94. Defendants' request for oral argument is denied because it will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For reasons stated below, the Court will grant the motion.

**I.    Background.**

Defendants design and manufacture pelvic mesh devices to treat female stress urinary incontinence and pelvic organ prolapse. In 2007, Plaintiff was implanted with two

of Defendants' mesh devices – the Gynecare Prolift Pelvic Floor Repair System ("Prolift") and the Gynecare TVT Secur System ("TVT-S"). Docs. 1 ¶¶ 8-10, 30-1 at 3. Plaintiff claims that she began experiencing adverse symptoms in 2011, but does not recall exactly when she first attributed her injuries to these devices. Doc. 30-1 at 4.

Plaintiff brought this action in March 2015, asserting a host of claims under Arizona law and seeking compensatory and punitive damages. Doc. 1; *see McBroom v. Ethicon, Inc.*, No. 2:15-cv-03043 (S.D. W. Va. Mar. 13, 2015). Defendants asserted various affirmative defenses in their master answer, including a statute of limitations defense. Docs. 42-2 at 43, 42-3 at 45. In March 2021, the Court granted in part Defendants' motion for summary judgment. Docs. 30, 83. The Court denied Defendants' request to file a supplemental motion for summary judgment on the statute of limitations. Docs. 64, 76. The following claims remain for trial: design defect, negligence and negligent infliction of emotional distress to the extent these claims are based on negligent design, and punitive damages. *See* Doc. 83 at 10-11.

## II. The Court's Power to Bifurcate.

Rule 42(b) confers broad discretion on a court to bifurcate a trial on separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize" the proceedings. Fed. R. Civ. P. 42(b); *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001); 9A Wright & Miller, Fed. Prac. & Proc. § 2389 (3d ed., Apr. 2021 update) ("Rule 42(b) is sweeping in its terms and allows the district court, in its discretion, to grant a separate trial of any kind of issue in any kind of case."). "A court might bifurcate a trial to avoid a difficult question by first dealing with an easier, dispositive issue, or to avoid the risk of prejudice." *Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016) (citations omitted); *see Zivkovic*, 302 F.3d at 1088 (bifurcation can "defer[] costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues"); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) ("One favored purpose of bifurcation is to accomplish just what the district court sought to do here – avoiding a difficult question

by first dealing with an easier, dispositive issue."). The Ninth Circuit has "approved of a bifurcated trial when there is a genuine dispute of a material fact regarding . . . the statute of limitations[.]" *Soto v. Sweetman*, 882 F.3d 865, 876 (9th Cir. 2018) (citing *Burnham Chem. Co. v. Borax Consol.*, 170 F.2d 569, 573 (9th Cir. 1948)); *see also Gomez v. City of Torrance*, 438 F. App'x 626, 628 (9th Cir. 2011) ("The district court did not abuse its discretion in bifurcating the trial into a statute of limitations phase and a liability phase because the statute of limitations issue was dispositive.").

## II. A Bifurcated Trial is Warranted.

"Under Arizona law, personal injury actions, including product liability actions, must be 'commenced and prosecuted within two years after the cause of action accrues.'" *Tavilla v. Cephalon, Inc.*, 870 F. Supp. 2d 759, 763 (D. Ariz. 2012) (quoting A.R.S. § 12-542). Generally, "a cause of action accrues, and the statute of limitations commences, when one party is able to sue another." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 966 (Ariz. 1995). "Under the 'discovery rule,' [a] plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." *Id.*

Defendants contend that Plaintiff's testimony and her medical records show that she was on notice in August 2012 to investigate whether her alleged injuries were caused by the Prolift and TVT-S, and that her claims are time-barred because she did not file suit until March 2015 – more than two years after the claims accrued. Doc. 91 at 2; *see* A.R.S. § 12-542(1). Defendants believe that this can be proven in a one-day trial, likely without needing to call any witnesses other than Plaintiff. Docs. 91 at 2, 94 at 4-5. Defendants note, correctly, that a favorable decision on their statute of limitations defense would obviate the need for a weeks-long trial on the merits of Plaintiff's claims. *Id.* Defendants also contend that bifurcation would avoid the prejudice of having to argue contradictory positions to the jury in a single trial: they would argue that Plaintiff knew, or should have known, the alleged cause of her injuries, while at the same time arguing that their mesh devices did not cause her injuries. Doc. 91 at 13.

Another district court in this Circuit – in a pelvic mesh case against Defendants that had been remanded from the MDL Court – recently granted Defendants' motion for a separate trial on the statute of limitations. *See Heinrich v. Ethicon, Inc.*, No. 2:20-cv-00166-APG-VCF, 2021 U.S. Dist. LEXIS 72567 (D. Nev. Apr. 15, 2021). That court concluded:

> The statute of limitations defense could be dispositive, and a trial on that issue will be far shorter than a trial on the merits. While there may be some overlap of testimony and evidence between the two trials, it will not be significant. And bifurcation avoids the prejudice to the defendants of having to argue seemingly conflicting positions to the jury, while imposing no prejudice upon the plaintiffs. A separate, preliminary trial on the limitations defense will promote judicial economy, avoid jury confusion of the issues, and prevent possible undue prejudice.

*Heinrich*, 2021 U.S. Dist. LEXIS 72567, at *3-4. This reasoning applies to the present case.

The Court will grant Defendants' motion because bifurcation will effectuate Rule 42(b)'s purposes of convenience, avoidance of prejudice, and potentially saving the Court, parties, witnesses, and jurors considerable time and resources. *See id.*; *Burnham*, 170 F.2d at 572 (approving bifurcation where the district court found that "justice and the interests of the parties required that the issue of the State statute of limitations should be resolved preliminarily upon a separate trial, under Rule 42(b), . . . before litigating the larger issues involved in the merits of the controversy"); *Young v. Mentor Worldwide LLC*, 312 F. Supp. 3d 765, 768 (E.D. Ark. 2018) ("Mentor's statute of limitations defense is potentially dispositive, and a preliminary trial will not consume the time and expense necessary for a trial on the merits. The Court finds that a separate, initial trial on the statute of limitations question is especially warranted in this [pelvic mesh] case, as it will promote judicial economy, avoid confusion of the issues, and prevent possible undue prejudice."); *Yacub v. Sandoz Pharms. Corp.*, 85 F. Supp. 2d 817, 828 (S.D. Ohio 1999) ("Sandoz has represented to the Court that a separate trial on the statute of limitations issue would not only promote judicial economy, but also limit litigation expenses, avoid confusion of the

issues, and prevent undue prejudice. . . . That issue will be tried prior to any of the other issues involved in this litigation."); *Grisham v. Philip Morris, Inc.*, No. CV 02-7930 SVW RCX, 2009 WL 9102320, at *4 (C.D. Cal. Dec. 3, 2009) ("[D]istrict courts have routinely applied Rule 42(b) to bifurcate trial on statute of limitations issues, and courts of appeals have routinely affirmed such bifurcation.") (citing cases).[1] The Court will conduct an initial jury trial on the narrow issue of Defendants' statute of limitations defense. If necessary, a second trial will be held, with a different jury, on the merits of Plaintiffs' claims. *See Heinrich*, 2021 U.S. Dist. LEXIS 72567, at *4.

Plaintiff makes several arguments as to why bifurcation would not be appropriate. Doc. 93. None has merit.

Plaintiff contends that her claims are not time barred. *Id.* at 3-5. But that issue must be resolved by a jury at trial, not by the Court on Defendant's motion for a separate trial. And based on evidence presented by Defendants, a jury could find that Plaintiff's claims are time barred. *See* Docs. 91 at 4-6, 94 at 3-4 (citing evidence); Doc. 64-1 (proposed supplemental summary judgment motion). Bifurcation therefore is warranted. *See Soto*, 882 F.3d at 876; *Burnham*, 170 F.2d at 573.

Plaintiff further contends, without citing any legal authority, that Defendants' decision not to timely move for summary judgment on the statute of limitations issue should preclude bifurcation. Doc. 93 at 5-6. An affirmative defense "is not abandoned [or] waived merely because a party does not seek summary judgment." *Tomalski v. Armstrong World Indus., Inc.*, No. 2:12-CV-140, 2012 WL 6086935, at *4 (W.D. Pa. Dec. 6, 2012). Indeed, "[t]here is no duty to file a summary judgment motion and many

---

[1] *See also* Doc. 91-1 at 16-17, *Gardner v. Ethicon, Inc.*, No. 4:20-cv-00067 (D.S.C. Sept. 15, 2020) (granting motion to bifurcate where "trying a dispositive issue such as the statute of limitations first has the potential to save . . . considerable time and resources[,]" and because the contradictory positions Defendants would need to take in a single trial "could confuse the jury and result in prejudice to Defendants"); Doc. 95 at 4-5, *Crissman v. Ethicon, Inc.*, No. 2:20-cv-05426-SB-PLA (C.D. Cal. June 5, 2021) ("[T]he Court concludes – as other courts have in similar cases against Defendants – that bifurcation likely will save the Court, parties, witnesses, and jurors considerable time and resources; avoid confusion of the jury and prejudice to Defendants; and not prejudice Plaintiffs in any material way.").

- 5 -

cases proceed directly to trial." *Id.*; *see also Est. of Burford v. Acct. Prac. Sales, Inc.*, 851 F.3d 641, 645 (7th Cir. 2017) ("[T]reating as waived a substantive defense that the defendant did not include in a summary judgment motion . . . would create powerful incentives for defendants to load up summary judgment motions with all of their defenses, including theories that would have no hope on summary judgment even though they might be winners at trial.").

Plaintiff asserts that "bifurcation would result in duplication of multiple witnesses, duplication of the presentation of extensive documentary evidence, and would waste money, time, and judicial resources." Doc. 93 at 7. The Court agrees with Defendants that Plaintiff significantly overestimates the scope of a trial on the statute of limitations. *See* Doc. 94 at 4. Defendants make clear that while they intend to rely on certain admissible medical records, Plaintiff is the sole witness they need to prove their statute of limitations defense. *Id.*

Plaintiff anticipates that Defendants will seek to trifurcate the issue of punitive damages. Doc. 93 at 8-9. Defendants avow that they will not seek a separate trial on punitive damages. Doc. 94 at 5-6. The Court will hold Defendants to their word.

With respect to any prejudice Defendants may suffer by having to argue seemingly conflicting positions in a single trial, Plaintiff states that "[t]his is a typical consequence of one of the most common defenses asserted." Doc. 93 at 9. True, but bifurcation can prevent this consequence. *See Heinrich*, 2021 U.S. Dist. LEXIS 72567, at *3-4; *Young*, 312 F. Supp. 3d at 768.

Plaintiff further states that "if two different juries are empaneled, Defendants would essentially get two bites at the apple to attack Plaintiff – using the first trial as a test run since the second trial would involve the same issues." Doc. 93 at 9-10. Plaintiff is wrong. The first trial will be limited to the statute of limitations; the second trial will focus on the merits of Plaintiff's claims and will not include the statute of limitations.

Finally, Plaintiff notes that bifurcation would force her to publicly testify twice about a topic that is not only incredibly personal and sensitive but also traumatic. *Id.* The

Court recognizes that testifying twice about these issues could be difficult for Plaintiff, but concludes that the difficulty is substantially outweighed by the potential benefits of separate trials. Moreover, if the jury were to find in favor of Defendants on their statute of limitations defense, Plaintiff's testimony will have been more limited than in a single trial on all issues.

**IT IS ORDERED:**

1. Defendants' motion for a separate trial on the statute of limitations issue (Doc. 91) is **granted**. The Court will conduct an initial jury trial on the statute of limitations defense. If necessary, the Court will conduct a second trial, with a different jury, on the merits of Plaintiff's claims.

2. A telephone conference will be held on **July 19, 2021**, at **2:00 p.m.**, to schedule the trial and final pretrial conference. Defense counsel will arrange a call-in number and provide it to Plaintiff's counsel and the Court. By **July 9, 2021**, the parties shall file a joint memorandum setting forth their views on the length of the initial trial and the evidence to be presented.

Dated this 29th day of June, 2021.

David G. Campbell
Senior United States District Judge