**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda McBroom,<br><br>  Plaintiff,<br><br>v.<br><br>Ethicon, Inc.; and Johnson & Johnson,<br><br>  Defendants. | No. CV-20-02127-PHX-DGC<br><br>**ORDER** |

This products liability action involves pelvic mesh devices made by Defendants Ethicon, Inc. and Johnson & Johnson. Plaintiff Amanda McBroom received implants of Defendants' devices and claims they are defective and caused her serious injury. Plaintiff filed this suit in 2015 as part of a multidistrict litigation ("MDL") proceeding in West Virginia. Doc. 1; *see In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2327 (S.D. W. Va. 2012). The case was transferred to this Court on November 4, 2020. Docs. 41, 56. A jury trial on Plaintiff's claims for design defect, negligent design, and negligent infliction of emotional distress will begin on March 7, 2022. *See* Docs. 144-45.

Plaintiff has filed a notice of her intent to dismiss the negligent infliction claim (Count X). Doc. 282; *see* Doc. 1 at 5. In the alternative, Plaintiff moves for leave to amend her complaint to formally withdraw the claim. Doc. 282 at 2. The motion is unopposed. *See id.* at 1.

Rule 41 of the Federal Rules of Civil Procedure does not permit "dismissals of individual claims against a defendant remaining in the case." *Hells Canyon Preservation*

- 1 -

*Council v. U.S. Forest Serv.*, 403 F.3d 683, 687-688 (9th Cir. 2005). "Instead, withdrawals of individual claims against a given defendant are governed by [Rule] 15, which addresses amendments to pleadings." *Id.* at 687; *see also Dahlstrom v. Lifecare Ctrs. of Am.*, No. C21-1465-TL-SKV, 2022 WL 584246, at *3 (W.D. Wash. Feb. 8, 2022); *Sitrick v. Dreamworks, LLC*, No. CV-03-4265-SVW (AJWx), 2007 WL 9711432, at *1 (C.D. Cal. Jan. 4, 2007).

Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend must not only be heeded, *see Foman v. Davis*, 371 U.S. 178, 182, (1962), it must be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). Plaintiff seeks to withdraw the negligent infliction claim "in good faith for the purpose of narrowing the issues at trial." Doc. 282 at 1. Because Plaintiff's motion to amend is unopposed, and following Rule 15's directive that leave to amend be freely granted and this Circuit's instruction that Rule 15 be applied liberally, the Court will grant the motion.

**IT IS ORDERED:**

1. Plaintiff's motion to amend the complaint (Doc. 282) is **granted**.

2. Plaintiff's complaint (Doc. 1) is deemed amended to withdraw the claim for negligent infliction of emotional distress (Count X).

Dated this 5th day of March, 2022.

David G. Campbell
Senior United States District Judge